CV 02-951 #1

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

APR 26 2002 PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD MILLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>QWEST COMMUNICATIONS CORPORATION, a Delaware Corporation,<br><br>　　　　　Defendant. | NO. C02-951P<br><br>NOTICE OF REMOVAL |

TO:   The Honorable Judges of the United States District Court for the
Western District of Washington at Seattle:

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, Defendant Qwest Corporation, (hereinafter, Qwest) by and through its attorneys, hereby removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice, Qwest respectfully states:

**STATE COURT ACTION**

1.   Qwest, mistakenly identified in the caption as Qwest Communication Corporation, is the defendant in this action. Plaintiff filed his Complaint on or about March

NOTICE OF REMOVAL - 1   **ORIGINAL**
[13141-0489/SL021110.012]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

27, 2002. It is still pending in the Superior Court of the State of Washington for King County, as Cause No. 02-2-08954-2SEA. Qwest received a copy of the Summons and Complaint for Damages on March 28, 2002. There are no other defendants named in the Complaint. No further proceedings in this dispute have been had in the Superior Court of the State of Washington for King County.

2. This action is a civil action brought by an employee of Qwest, Donald Miller, alleging gender, race and age discrimination in violation of state and federal law.

### FEDERAL QUESTIONS

3. Among his claims, plaintiff alleges that Qwest discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a et seq.

4. This Court should not decline to exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. section 1367(c), because this Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. section 1332 as well as pursuant to 28 U.S.C. section 1331. Additionally, plaintiff's claims under state law rest on the same facts as his claims under federal law, the Complaint does not raise any novel or complex issues of state law, no state law claim substantially predominates over the federal claims, and there are no other compelling reasons for declining jurisdiction over plaintiff's state law claims.

### DIVERSITY OF CITIZENSHIP

5. Based on a reading of the Complaint, and on information and belief, plaintiff is, and has been since this action was commenced, a citizen and resident of the state of Washington. Plaintiff asserts residence in King County.

NOTICE OF REMOVAL - 2
[13141-0489/SL021110.012]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

6.   Qwest is, and has been since this action was commenced, a corporation incorporated in Colorado with its principal place of business in Denver, Colorado, and is not a citizen of Washington.

7.   Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs. While plaintiff's Complaint does not set forth the dollar amount prayed for, a reasonable person reading the Complaint would conclude that plaintiff seeks damages in an amount greater than the $75,000 jurisdictional amount of this Court. 28 U.S.C. § 1332(a); L.R. 101(a). Defendant's good faith belief that plaintiff is seeking damages in excess of $75,000 is based on a reading of the Complaint, including, but not limited to, plaintiff's claims for punitive damages, compensatory damages for "pain and suffering," penalties for early withdrawals from a deferred compensation savings account, and attorney's fees.

## ACTION REMOVABLE

8   Based on paragraphs 3-7, *supra*, plaintiff asserts claims within the original jurisdiction of the federal district courts, making this entire action removable. 28 U.S.C. §§ 1331, 1332, 1441. This Court is the District Court for the United States for the district and division embracing the place where the state court action is pending, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

9   Qwest first received a copy of the Complaint for Damages in this action on March 28, 2002. This notice is filed within thirty days of such receipt as required by 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL - 3
[13141-0489/SL021110.012]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

## PLEADINGS FILED

10   Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Certificate of Attorney filed with this Notice.

THEREFORE, Qwest now removes this action from the Superior Court to this Court.

DATED: April 26, 2002.

**PERKINS COIE**

By _____
James Sanders, WSBA #24565
Andrew Moriarty, WSBA #28651
Attorneys for Defendant Qwest Corporation.

NOTICE OF REMOVAL - 4
[13141-0489/SL021110.012]